| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| DARA LINDSEY BUCY, | Case No. 1:25-cv-00864-JLT-EPG |
| Plaintiff, | **STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT; ORDER** |
| v. | |
| Frank Bisignano, COMMISIONER OF SOCIAL SECURITY, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of $7,000, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and $405 in costs under 28. U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

The parties stipulate that the position of the United States was not substantially justified in this case, and therefore Plaintiff is entitled to attorney fees pursuant to EAJA.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel. Pursuant to Astrue v. Ratliff, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability attorney to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, Francesco Benavides, pursuant to the assignment executed by Plaintiff.

Payments may be made by electronic funds transfer (EFT) or by check.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Francesco Benavides, including the Law Offices of Francesco Benavides, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Francesco Benavides to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA

\\\
\\\
\\

Respectfully submitted,

Dated: November, 21 2025             /s/ *Francesco Benavides*
                                     FRANCESCO P. BENAVIDES
                                     Attorney for Plaintiff

Dated: November 21, 2025             ERIC GRANT
                                     United States Attorney
                                     MATHEW W. PILE
                                     Head of Program Litigation I
                                     Social Security Administration

                                By:  *Margaret Branick-Abilla**
                                     MARGARET BRANICK-ABILLA
                                     Special Assistant U.S. Attorney
                                     Attorneys for Defendant

-2-

**ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees and Expenses (the "Stipulation"),

**IT IS ORDERED** that fees and expenses in the amount $7,000 as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and $405 in costs under 28 U.S.C. § 1920, be awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated:   **November 24, 2025**            /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE